IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HANALEI AIPOALANI, | Case No. 23-cv-00375-DKW-WRP |
| Petitioner, | **ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS** |
| vs. | |
| ESTELA DERR, WARDEN, | |
| Respondent. | |

On September 7, 2023, Hanalei Aipoalani petitioned, pursuant to 28 U.S.C. § 2241, for a writ of habeas corpus, requesting that the Bureau of Prisons ("BOP") update his earned First Step Act ("FSA") time credits to 345 days, thereby advancing his current projected release date to December 6, 2023. Dkt. No. 1. Aipoalani also challenges the rate at which he initially earned FSA credits, arguing that he is entitled to an additional 30 days to further advance his projected release date or, alternatively, to reduce his term of supervised release from 36 months to 35 months. *Id.*

The evidence reflects that as of September 4, 2023—three days *before* Aipoalani filed the instant petition—the BOP had already updated his FSA time credits to the 345 days that Aipoalani now requests. Dkt. No. 7-3 at 1. Aipoalani is currently scheduled to be released on December 6, 2023. Dkt. No. 7-2 at 2. Although Aipoalani is expected to continue to earn FSA credits, even when on home confinement – meaning his projected release date will likely continue to advance,

*see e.g.* Dkt. No. 7-1 at 5–6 – no further relief is currently available, as explained below.   Therefore, Aipoalani's petition is DISMISSED.

## **FACTUAL & PROCEDURAL BACKGROUND**

On June 30, 2021, the United States District Court for the District of Columbia sentenced Aipoalani to 46 months of imprisonment and 36 months of supervised release for federal programs embezzlement and bribery in violation of 18 U.S.C. §§ 666(a)(1)(A) and (a)(1)(B).  Dkt. No. 7-2 at 2.  Aipoalani's original release date was November 15, 2024.  *Id.*

On August 11, 2021, after the BOP determined him to be a minimum risk to recidivate, Aipoalani began earning FSA time credits at a rate of 10 days for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.  Dkt. No. 7-1 at 4.  Following his second consecutive minimum risk assessment by the BOP on March 7, 2022, Aipoalani began earning FSA credits at a rate of 15 days for every 30 days of successful programming.  *Id.* at 5.

On September 11, 2023, the BOP transferred Aipoalani from FDC Honolulu to home confinement under the Federal Location Monitoring ("FLM") program. *Id.* at 3.  As Aipoalani will continue to earn FSA credits while under the FLM program, his projected release date will likely advance to November 16, 2023—the

earliest available date after applying the maximum 365 days of FSA credits to his original November 15, 2024 release date. *Id.* at 5–6.

On September 7, 2023, Aipoalani filed the instant petition, claiming that the BOP failed to update his earned FSA credits to 345 days and that he is entitled to apply an additional 30 days of FSA credits to further advance his projected release date to October 17, 2023, or to reduce his supervised release term to 35 months. Dkt. No. 1 at 10. The Government responded on September 27, 2023, explaining that the BOP had already updated its records to reflect 345 days of credit, and that earned FSA credits beyond the 365 day maximum cannot be used to further advance projected release dates or to reduce terms of supervised release. Dkt. No. 7 at 10. Aipoalani replied on October 2, 2023, reasserting that he is entitled to continue to apply FSA credits, apparently without end. *See* Dkt. No. 8 at 4 (claiming entitlement to as much as 405 days of FSA credit, resulting in a projected release date as early as October 7, 2023).

## **STANDARD OF REVIEW**

A district court may review the execution of a sentence, including, as here, the duration of a prisoner's confinement, by means of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Tucker v. Carlson*, 925 F.2d 330, 331–32 (9th Cir. 1991). "In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition." *Mejia v. Derr*,

2023 WL 5529823, at *2 (D. Haw. Aug. 28, 2023) (quoting *Walsh v. Boncher*,

2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023)).  A petition is moot, however,

when the petitioner's claimed injury cannot be redressed by a favorable decision of

the Court.  *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005).

## **DISCUSSION**[1]

Aipoalani's petition is DISMISSED as moot because the BOP has already

updated his earned FSA credits to 345 days and any FSA credits beyond the 365

day maximum cannot be applied to further advance his projected release date or

reduce his term of supervised release.

First, Aipoalani contends that he is entitled to 345 days of FSA credits,

thereby advancing his projected release date to December 6, 2023.  Dkt. No. 1 at

10.  As the Government explains, with supporting evidence, the BOP had already

updated Aipoalani's records to reflect the same *three days prior* to Aipoalani filing

the instant petition.  Dkt. No. 7-1 at 3; Dkt. No. 7-2 at 2; Dkt. No. 7-3 at 1.  As

such, Aipoalani has received the requested relief, and this aspect of his petition is

moot.  *See Rahman v. Graber*, 615 F. App'x 876, 876 (9th Cir. 2015) (finding an

---

[1]As Aipoalani is *pro se*, the Court has liberally construed his pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

appeal moot where the BOP granted the petitioner the sought-after time credits during the pendency of the appeal).

Next, Aipoalani appears to claim that he is entitled to an extra 30 days of FSA credits because the BOP erroneously calculated the rate at which he earned credits during the first six months of his incarceration. The FSA provides:

> A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A)(ii). Aipoalani argues that as the BOP determined him to be at minimum risk for recidivating from his *initial* incarceration, he is entitled to the 15 day accrual rate for the entire period of his participation in FSA programming, including the six months prior to his second minimum risk assessment. Dkt. No. 1 at 10. Aipoalani, however, is mistaken. The FSA provides that "only when a prisoner obtains a 'minimum' or 'low' risk *and* has not increased their recidivism risk over two consecutive assessments can they begin to *earn* time credits at a rate of 15 credits per 30 days of successful programming." *Khatiwala v. Rickard*, 2023 WL 6143509, at *5 (M.D. Pa. Sept. 20, 2023), *accord Huihui v. Derr*, 2023 WL 4086073, at *3 (D. Haw. June 20, 2023) ("[Petitioner] can only begin earning 15 days after she has received two consecutive assessments."). Here, Aipoalani received his second consecutive minimum risk assessment on

March 7, 2022.  Dkt. No. 7-1 at 5.  As such, he was not eligible for the 15 day accrual rate until that date and is not entitled to an extra 30 days of FSA credits for the six months of programming prior to March 7, 2022.

As important, even if Aipoalani was entitled to an additional 30 days of FSA credits, he cannot use them to advance his projected release date prior to November 16, 2023.  A prisoner may only apply a maximum of 365 days of FSA credits towards early transfer to supervised release.  *See* 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d)(3).  Although Aipoalani currently has 345 days of FSA credits, he is likely to earn an additional 15 days during each of the months of September and October 2023, resulting in a total of 375 credits.  Dkt. No. 7-1 at 5.  As this balance would already exceed the 365 day maximum, Aipoalani cannot apply any further credits to advance his release.  His original projected release date is November 15, 2024 and therefore, his earliest possible release date—regardless of whether he is owed additional credits—is November 16, 2023.  *Id.* at 3.

Finally, Aipoalani cannot apply any excess FSA credits—whether 10 days or 40 days—to reduce his period of supervised release.  *Mejia*, 2023 WL 5529823, at *2 (citing *United States v. Calabrese*, 2023 WL 1969753, at *3 (N.D. Ohio Feb. 13, 2023) ("FSA credits cannot be used to reduce a term of supervised release.").  Aipoalani contends it is possible that a miscalculation of earned time credits could serve as a basis to modify his term of supervised release.  Dkt. No. 8 at 3.  This

power, however, is reserved to the sentencing court alone.  *See Yanagihara v. Derr*, 2023 WL 2163685, at *3 (D. Haw. Feb. 22, 2023) (citing *Strother v. Zook*, 2022 WL 816602, at *2 (N.D. Tex. Feb. 24, 2022) (recommending a § 2241 petition for corrected FSA time credits be dismissed as moot because only the sentencing court can modify the petitioner's term of supervised release)).  As Aipoalani was sentenced by the United States District Court for the District of Columbia, this Court lacks the authority to grant such relief, thereby rendering his petition moot for this additional reason.

## CONCLUSION

For the reasons set forth herein, Aipoalani's petition for a writ of habeas corpus, Dkt. No. 1, is DISMISSED.  The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: October 6, 2023 at Honolulu, Hawaiʻi.


Derrick K. Watson
Chief United States District Judge

---

*Hanalei Aipoalani vs. Estela Derr, Warden*; Civil No. 23-00375 DKW-WRP;
**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**